46 F.3d 1141
 75 A.F.T.R.2d 95-808, 95-1 USTC P 60,189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles T. FROH, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70561.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 15, 1994.
Decided: Jan. 30, 1995.
 
 Before: HUG, CANBY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 As the parties are familiar with the facts of the case, we do not recite them here. We affirm the decision of the Tax Court.
 
 
 3
 The Tax Court did not clearly err in finding that the income stream that would be generated by the gas wells on Froh's Colusa County property after the expiration of the trusts had zero or de minimis present value at the time of the gift. Testimony from both parties' experts, as well as the model projection that the court considered, supports the court's factual determination. The evidence concerning possible curtailment of gas consumption and the lengthening of the well's useful life tends only to show that some gas may still be produced after the trusts expire; it utterly fails to address the reality that income from any gas produced so far in the future would still have de minimis or no present value. Both parties' experts recognized this fact, and their use of deep discount factors to calculate the present value of the gift took into account both the time value of money and the fact that the income stream came from a wasting asset. On this record, the Tax Court's finding that the reversionary income stream was valueless does not leave us with a "definite and firm conviction that a mistake has been committed." Concrete & Pipe Prod. v. Construction Laborers Pension Trust, 113 S.Ct. 2264, 2280 (1993). It follows from the finding of no value and from the experts' having already discounted the future income to present day value in their computations, that the Tax Court also did not err in disallowing Froh's use of Actuarial Table B. See Treas. Reg. Sec. 25.2512.1.
 
 
 4
 Neither do we find error in the Tax Court's attribution of eighty-five percent of the income stream's value to the gift. In determining the value of the gift, the Tax Court correctly subtracted from the fair market value of the mineral interest only the value of Froh's retained interest. See Treas. Reg. Sec. 25.2512-5(a)(1)(i). Because Froh's sole retained interest was the fifteen percent depletion reserve, the balance of the income interest was properly attributed to the gift.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3